# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 08-522-JBC**

**PHILIP NEWTON,**                                                             **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**NORTH AMERICAN SPECIALTY**
**INSURANCE COMPANY,**                                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to strike certain opinions of the plaintiff's expert,[1] Mark Hillyer, DVM. R. 46. The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendant's motion in part and deny it in part.

On June 30, 2010, defendant North American Specialty Insurance Company filed a motion for summary judgment. The plaintiff, Philip Newton, filed a responsive motion on July 30, 2010. Attached to this responsive motion was an affidavit signed by Mark Hillyer. R. 44, Exh. L. Hillyer was previously deposed by the defendant on May 12, 2010. R. 44, Exh. H. The defendant subsequently filed a motion to strike the affidavit of Hillyer, arguing that the statements contained therein conflicted with his deposition testimony.

This court must decide whether the affidavit of Hillyer contradicts his

---

[1] Plaintiff's belated attempt to convert Hillyer to a fact witness is unpersuasive. *See Oxford Biomedical Research, Inc., v. Invitrogen Corp.*, 2009 WL 1393412 (E.D. Mich. May 11, 2009).

deposition testimony. "A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony." *Briggs v. Potter*, 463 F.3d 507, 512-13 (6th Cir. 2006) (*quoting Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)). However, a statement must be *directly* contradictory in order to be stricken. *Aerel, S.R.L., v. PCC Airfoils, L.C.C.,* 488 F.3d 899, 906 (6th Cir. 2006). A deponent is under no obligation to volunteer information, hence a court should not strike statements that "reveal[] information that was not fully explored during that testimony." *Id.* at 907-08.

The defendant's objection to paragraph 6 of the Hillyer affidavit is not supported by the record. The defendant claims that Hillyer's acknowledgment of the various ataxia grading scales is a reversal from his deposition testimony. However, in paragraph 6 Hillyer is explaining his *present* awareness of the "various grading scales for ataxia." He also indicates his *present* knowledge of the ataxia scale utilized by the defendant. These statements do not contradict his deposition testimony. Indeed throughout this testimony, Hillyer recognized that there were various scales used to measure ataxia, including the one used by the defendant. *See* R. 44, Exh. H at 28, 54, 64, 70-71. Therefore, these statements will be considered in deciding the defendant's motion for summary judgment.

The defendant's objection to paragraphs 9 and 10 of the Hillyer affidavit presents a closer question. In these paragraphs, Hillyer asserts, "In most cases, treatment with Navigator results in a Thoroughbred improving by at least one grade

under the NAS ataxia scale." He also states that the horse in question, MARCO POLO, actually demonstrated such an improvement. R. 44, Exh. L, ¶ 9 ("[I]t is probable that the Navigator resulted in an improvement of at least one grade for MARCO POLO."). Finally, he indicates that had Navigator not been given to MARCO POLO, "it is probable that the Thoroughbred's final grading on the NAS ataxia scale would have been 3 or higher on both fore and hind legs." For the reasons discussed below, these statements directly conflict with Hillyer's deposition testimony and will not be used by the court in considering the defendant's motion for summary judgment.

Hillyer's statements concerning the efficacy of Navigator are directly contradicted by his deposition testimony. During his deposition, Hillyer was asked about his experience with Navigator. In contrast to his affidavit, he responded that "we haven't had a beneficial response" in the six times he used it. R. 44, Exh. H at 35. He then discussed why Navigator is generally ineffective in treating ataxic horses. *Id.* at 36. These opinions are directly contrary to paragraph 9 of his affidavit. Consequently, paragraph 9 will not be considered by this court.

Hillyer's statements regarding MARCO POLO's improving health are likewise contradicted by his deposition testimony. In his affidavit, Hillyer states that "following completion of the Navigator treatment, MARCO POLO's condition had improved, which further supports my conclusion that it is probable that the Navigator resulted in an improvement of at least one grade for MARCO POLO." In his deposition, Hillyer was asked directly what the result of the Navigator treatment

was. He responded, "[T]here was no significant change in the horse's neurological status." *Id.* at 39. In addition, his notes from October 31, 2008 state that MARCO POLO "has not shown any significant improvement since the colt was first examined in April 2007." R. 41, Exh. 11.

The plaintiff attempts to counter these statements by emphasizing Hillyer's clinical notes from January, 2008, which state that the horse was "much improved." However, this isolated remark is not conclusive. As Hillyer himself indicated, the horse's condition varied week to week, yet he always described the ataxia similarly (in the range of 2-2.5 on the NAS scale). *Id.* at 28-29, 50, 54, 65. Never did he describe any sustained improvement. Further, Hillyer conceded that a horse will often show improvement simply because it adapts to its ataxia. Hillyer's deposition testimony on this point is thus unmistakable: he found no improvement in the horse's condition, let alone any attributable to Navigator. Paragraphs 9 and 10 of his recent affidavit are directly inconsistent, and will not be considered by this court.

Accordingly, **IT IS ORDERED** that the defendant's Motion to Strike (R. 46) is **GRANTED** as to paragraphs 9 and 10 of the Hillyer affidavit (R. 44, Exh. L). **IT IS FURTHER ORDERED** that insofar as the defendant has moved to strike the residuum of the Hillyer affidavit, the motion is **DENIED**.

Signed on  September 23, 2010    JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY